UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY BURDEN,

              Petitioner,                           Case Number 18-14082

v.                                           Honorable David M. Lawson

NOAH NAGY,

              Respondent.

_____/

## ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION
## TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244

On December 21, 2018, petitioner Jimmy Burden filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. In his petition, Burden challenges his two 1983 state court convictions for armed robbery. However, the petitioner previously filed a petition under 28 U.S.C. § 2254 that challenged those same 1983 convictions. That petition was denied on the merits by the ruling of the district court in *Burden v. Metrish*, No. 06-10139 (E.D. Mich. Mar. 16, 2007). Because this is the petitioner's second attempt to obtain relief under section 2254, the Court must transfer the petition to the court of appeals so that he may seek permission to file a second or successive petition.

An individual seeking to file a second or successive habeas petition must first ask the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals the function of screening such second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the matter to the court of appeals. *See* 28 U.S.C. § 1631 (directing that

"[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

The petitioner cannot proceed with the claims raised in his present petition without first obtaining permission to file a second or successive habeas petition from the court of appeals. The Court therefore will direct the Clerk of Court to transfer the motion to the court of appeals pursuant to *In re Sims* and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the Clerk of Court shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: January 9, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 9, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI